**BEFORE THE**
**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| In re:<br><br>PREMERA CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. |

**PLAINTIFF BRADD GUENSER'S MEMORANDUM IN SUPPORT OF MOTION FOR CONSOLIDATION AND TRANSFER UNDER 28 U.S.C. §1407**

Bradd Guenser ("Guenser"), Plaintiff in the case styled *Guenser at al. v. Premera Blue Cross*, United States District Court for the Western District of Washington, Seattle Division, Case No. 2:15-cv-00441, hereby submits this memorandum of law in support of his Motion for Consolidation and Transfer of Pretrial Proceedings Under 28 U.S.C. § 1407.

## I. INTRODUCTION

The actions that Guenser seeks to consolidate are putative consumer class action suits against health insurer Premera Blue Cross ("Premera"), one of the largest health insurers in the Northwest United States. Each case alleges various tort and state law claims based on Premera's failure to adequately safeguard sensitive customer data.

Generally, Plaintiffs in these actions allege that Premera failed to configure its hardware and software to prevent unauthorized access to sensitive customer information. Premera further failed to inform Plaintiffs that its systems were unsecured and that customers' sensitive information was vulnerable to unauthorized access. As a result of Premera's actions and

omissions, hackers were able to gain access to Premera's information technology systems starting on or about May 5, 2014. These systems contain information from insurance applicants; members of other Blue Cross Blue Shield plans who sought treatment in Washington, Oregon, or Alaska; and current and former Premera customers. That information included: names, dates of birth, email addresses, physical addresses, telephone numbers, social security numbers, member identification numbers, bank account information, and medical insurance claim information, including clinical information, dating back to 2002.

Premera's own detection and monitoring capabilities were so deficient that Premera did not learn of the breach until January 29, 2015, nearly eight months after the unauthorized access occurred. Upon learning of the breach, Premere failed to immediately inform customers that their sensitive data was potentially in the hands of unauthorized users. Instead, Premera waited until March 17, 2015 to publicly disclose its breach. In its public announcements, Premera has confirmed that approximately 11 million of its current and former customers may have been compromised.

Guenser seeks the consolidation and transfer of these cases to the United States District Court for the Western District of Washington, Seattle Division. All of the class actions filed against Premera contain common allegations and common questions of fact. Moreover, because Premera's actions have received a great deal of publicity, it is almost certain that numerous cases will be filed in the future.

## II. PROCEDURAL HISTORY

Thus far, the following actions have been filed:

- *Guenser v. Premera Blue Cross*, No. 2:15-cv-00441 (W.D. Wash.)
- *Hoirup v. Premera Blue Cross*, No. 2:15-cv-00445 (W.D. Wash.)

- *Blackwolfe v. Premera Blue Cross*, No. 2:15-cv-00429 (W.D. Wash.)
- *Cossey et al. v. Premera Blue Cross*, No. 2:15-cv-00472 (W.D. Wash.)
- *Colcord v. Premera Blue Cross*, No. 3:15-cv-00516 (D. Or.)

All five cases seek certification of classes of Premera customers affected by the data breach.

## III. LEGAL STANDARD

The MDL statute, 28 U.S.C. § 1407, provides for transfer and consolidation of actions containing allegations with common questions of fact, if transfer will be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of the transferred cases. "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Manual for Complex Litigation*, § 20.131 (4th ed. 2004). In this matter, each of these factors favors transfer and consolidation of the cases filed against Premera.

## IV. ARGUMENT

### A. Under 28 U.S.C. § 1407, Transfer and Consolidation Is Appropriate.

Pretrial transfer and consolidation under § 1407 is appropriate in this matter. These cases involve similar allegations and causes of actions involving the same defendant and the same event. Without consolidation for coordinated pretrial proceedings, the parties will incur excessive and unnecessary costs due to duplicative discovery and will face the risk of inconsistent rulings, among other things.

#### 1. The Litigation Involves Common Questions of Fact

The pending actions are based on nearly identical facts stemming from a single data breach at a single defendant. The factual questions common to the cases include:

- When the initial intrusion began and for how long it occurred;
- What system or systems were accessed in the breach;
- What type of information was stored on those systems, and for how long;
- When Premera first learned about the breach;
- Whether Premera received any alerts about the breach or other suspicious activities that would have alerted it to the breach earlier;
- Whether Premera and its customers entered into a contract in which Premera promises to keep customer information safe and confidential;
- Whether Premera plaintiffs and members of the putative classes and, if so, to what relief they are entitled;
- The appropriate measure of damages sustained by the plaintiff and putative classes;
- Whether injunctive relief is appropriate and, if so, in what form.

In assessing the appropriateness of consolidation under § 1407, the JPML looks to the pleadings to determine the extent to which common questions of fact are present. The complaints in these cases, which are attached hereto as Exhibits 1-5, clearly present common questions of fact. Each complaint is based on allegations that Premera was involved in a security breach of customer information that resulted in damages to plaintiffs. In addition, each generally seeks certification of a similar class. Thus, each of the actions contains common issues of fact and law.

**2. Transfer and Consolidation Will Promote the Just and Efficient Conduct of the Litigation.**

Consolidation and transfer of these cases in a single forum in front of a single judge would promote the just and efficient conduct of this litigation by eliminating duplicative discovery and preventing inconsistent rulings.

Given the similarities in each of the cases, the parties will face duplicative discovery without consolidation and transfer under § 1407. The JPML has found that transfer and consolidation "ensure[s] that the actions are supervised by a single judge who, from day-to-day contact with all aspects of the litigation, will be in the best position to design a pretrial program that will prevent duplicative discovery…and substantially conserve the time and efforts of the parties, the witnesses and the federal judiciary." *Resource Exploration Inc. Sec. Litig.*, 483 F.Supp. 817, 821 (J.P.M.L. 1980). Here, transfer and consolidation in a single court will do just that, to the benefit of the parties, their counsel, and the courts.

There is no doubt that duplicative discovery is a serious threat here. Each case involves the same key events: the May 2014 data breach of Premera's systems, the January 2015 discovery of the breach, and the March 2015 public disclosure. Discovery into these three events will be largely the same across cases, involving the same documents and same witnesses. Plaintiffs across each of the cases will draft and serve nearly identical discovery requests, to which Premera will respond with nearly identical objections and responses. Furthermore, the class discovery issues will be nearly identical given the similar makeup of the alleged classes. Consolidation and transfer will allow all parties to save time and money.

Given the common questions of fact and law, Premera is likely to assert the same defenses in each case, which could lead to inconsistent rulings if the cases are allowed to remain in disparate forum courts. The same is true for class certification; without consolidation and transfer, there is a high risk of inconsistent class certification rulings based on the same factual and legal issues. This has been found to be an important factor in approving consolidation. *See In re LLRice 601 Contamination Litig.*, 466 F. Supp. 2d 1351, 1352 (J.P.M.L. 2006); *In re Enron Securities Derivative & ERISA Litig.*, 196 F.Supp.2d 1375, 1376 (J.P.M.L. 2002).

### 3. Consolidation Will Further the Convenience of the Parties and the Witnesses.

Transfer and consolidation in a single forum would further the convenience of all parties and witnesses. For example, given the duplicative nature of discovery that would be conducted across all of the cases, consolidation would eliminate the need for redundant depositions of the same witnesses across all of the cases and excessive travel costs for attorneys attending those depositions. Third parties would face multiple subpoenas from each set of plaintiffs. Many attorney hours would also be wasted in having to review the same document productions and litigate the same legal issues in multiple forums. *See In re E.I. DuPont DeNemours and Co. C-8 Pers. Injury Litig.*, MDL No. 2433, 2013 U.S. Dist. LEXIS 52569, *2-3 (J.P.M.L. Apr. 8, 2013); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious.")

Consolidation will eliminate these inconveniences by allowing a single judge to preside over the action and coordinate the efforts of all the parties to reduce redundancies. Thus, consolidation would minimize inconvenience to parties to this case, third parties, and the courts.

## B. The Western District of Washington Is the Appropriate Transferee Forum.

In choosing the appropriate forum, the JPML considers where the largest number of cases is pending; where discovery has occurred; where cases have progressed furthest; the site of the occurrence of the common facts; where the cost and inconvenience will be minimized; and the experience, skill, and caseloads of available judges. *Manual for Complex Litigation*, § 20.132 (4th ed. 2004). An analysis of these factors indicates that the Western District of Washington is the preferable court for consolidation of pretrial proceedings.

Four out of five cases have been filed in the Western District of Washington. Premera's corporate headquarters are located in the district, and it is centrally located within Premera's service area. As a result, many witnesses will be located in the district, and documents will be found there. Seattle is easily accessible by the Seattle-Tacoma International Airport, the major hub for the Pacific Northwest, with daily flights to most major American cities. The Western District of Washington is not burdened by other MDLs, with only a single other MDL currently assigned. None of the cases have progressed beyond the complaint, so the other factors are neutral.

Finally, the Honorable Judge John C. Coughenour would be an ideal recipient of the consolidated actions. Judge Coughenour was in private practice, including as a litigation partner at the Seattle firm of Bogle & Gates, for fifteen years before being nominated by President Reagan for the federal bench in 1981.[1] Judge Coughenour served as Chief Judge of the Western District from 1998 to 2004.[2] Since joining the judiciary, Judge Coughenour has presided over several MDLs, including *In Re Air Crash Disaster Near Palembang, Indonesia on December 19, 1997* (MDL No. 1276); *In Re Mailblocks, Inc., Patent Litigation* (MDL No. 1549); *In Re General Motors Corp. Speedometer Products Liability Litigation* (MDL No. 1896); and the currently pending *In re: New Cingular Wirelss PCS, LLC, Data Services Sales Tax Refund Litigation* (MDL No. 2485).

## V. CONCLUSION

Based upon the foregoing, Plaintiff Guenser's Motion for Consolidation and Transfer Under § 1407 should be granted and these related actions, as well as any subsequently filed actions containing similar allegations, should be transferred to the United States District Court

[1] http://www.fjc.gov/servlet/nGetInfo?jid=516&cid=999&ctype=na&instate=na
[2] http://www.wawd.uscourts.gov/judges/coughenour-bio

for the Western District of Washington, Seattle Division, to the Honorable Judge John C. Coughenour.

Dated: March 31, 2015

**TOUSLEY BRAIN STEPHENS PLLC**

By: s/ *Kim D. Stephens*

Kim D. Stephens, WSBA #11984
Email: kstephens@tousley.com
Jason T. Dennett, WSBA #30686
Email: jdennett@tousley.com
1700 Seventh Avenue, Suite 2200
Seattle, WA 98101
Tel: (206) 682-5600
Fax: (206) 682-2992

James J. Pizzirusso
Email: jpizzirusso@hausfeld.com
Swathi Bojedla
Email: sbojedla@hausfeld.com
**HAUSFELD**
1700 K Street, NW
Washington, DC 20006
Tel: (202) 540-7200
Fax: (202) 540-7201

*Attorneys for Plaintiffs:*
Case No. 2:15-cv-00441: *Guenser v. Premer Blue Cross*, in the United States District Court for the Western District of Washington

Case No. 3:15-cv-00516: *Colcord v. Premera Blue Cross*, in the United States District Court for the District of Oregon Portland Division