# Exhibit 3

JURYDEMAND

# U.S. District Court
## United States District Court for the Western District of Washington (Seattle)
### CIVIL DOCKET FOR CASE #: 2:15-cv-00429-MJP

| | |
|---|---|
| Blackwolfe et al v. Premera Blue Cross | Date Filed: 03/19/2015 |
| Assigned to: Judge Marsha J. Pechman | Jury Demand: Plaintiff |
| Cause: 28:1332 Diversity | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Ann Michelle Blackwolfe**                                      represented by    **Clifford A Cantor**
627 208TH AVE SE
SAMMAMISH, WA 98074-7033
425-868-7813
Fax: 425-868-7870
Email: cliff.cantor@outlook.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan Blackwolfe**                                         represented by    **Clifford A Cantor**
*individually and on behalf of all others similarly situated*                                        (See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Premera Blue Cross**
*a Washington company*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/19/2015 | 1 | COMPLAINT against defendant(s) Premera Blue Cross (Receipt # 0981-3949632) Attorney Clifford A Cantor added to party Ann Michelle Blackwolfe(pty:pla), Attorney Clifford A Cantor added to party Jonathan Blackwolfe(pty:pla), filed by Ann Michelle Blackwolfe, Jonathan Blackwolfe. (Attachments: # 1 Summons, # 2 Civil Cover Sheet)(Cantor, Clifford) (Entered: 03/19/2015) |
| 03/20/2015 | | Judge Marsha J. Pechman added. (PM) (Entered: 03/20/2015) |
| 03/20/2015 | 2 | Summons electronically issued as to defendant Premera Blue Cross. (PM) (Entered: 03/20/2015) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/31/2015 17:12:43 | | | |
| **PACER Login:** | tb4906:4033996:4027559 | **Client Code:** | premera 6010.001 |
| **Description:** | Docket Report | **Search Criteria:** | 2:15-cv-00429-MJP |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| ANN MICHELLE BLACKWOLFE and JONATHAN BLACKWOLFE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PREMERA BLUE CROSS, a Washington company,<br><br>Defendant. | No. C15-429<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY DEMAND** |

Ann Michelle Blackwolfe and Jonathan Blackwolfe, on behalf of themselves and all others similarly situated, by their attorneys, make the following allegations and claims for their complaint against Premera Blue Cross ("Premera"). The following allegations are made upon information and belief, except as to allegations specifically pertaining to Plaintiffs, which are made upon knowledge.

## NATURE OF THE ACTION

1. This is a class action brought on behalf of Plaintiffs, individually and on behalf of all those similarly situated, against Premera Blue Cross to recover for Premera's failure to secure Plaintiffs' and class members' medical records containing sensitive and confidential medical in-

COMPLAINT
No. C15-429

- 1 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

formation, as well as personally identifiable information ("PII") such as names, dates of birth, billing information, and social security numbers.

**PARTIES**

1. Plaintiffs Ann Michelle Blackwolfe and Jonathan Blackwolfe are individuals residing in Shrewsbury, Massachusetts.

2. Defendant Premera Blue Cross is a Washington corporation with its headquarters located at 7001 220th Street SW, Building 1, Mountlake Terrace, Washington 98043.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). Plaintiffs' claims and the claims of the other members of the class exceed $5,000,000, and at least one class member is a citizen of a state other than Washington.

4. This Court has personal jurisdiction over Premera because Premera is headquartered in Washington and conducts business in Washington.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Premera's principal place of business is in this District and a substantial part of the events, acts, and omissions giving rise to Plaintiffs' claims occurred in this District.

**COMMON FACTUAL ALLEGATIONS**

6. Premera is one of the largest health care insurance companies in the Pacific Northwest and primarily serves customers in Washington, Oregon, and Alaska.

7. On March 17, 2015, Premera announced that it discovered a cyberattack on its information technology systems that compromised the confidential health information and PII of approximately 11 million insureds. Premera discovered the attack on January 29, 2015 and its investigation revealed that the initial attack occurred on May 5, 2014.

8. The cyberattack affected customers of Premera Blue Cross, Premera Blue Cross Blue Shield of Alaska, and its affiliate brands Vivacity and Connexion Insurance Solutions, Inc.

COMPLAINT
No. C15-429

- 2 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

9. The breach involves the theft of information stored on various computers and data storage devices. Upon information and belief, Premera did not encrypt the PII in its possession, including Social Security numbers and birth dates.

10. According to Dave Kennedy, an expert in healthcare security who is chief executive of TrustedSEC, LLC, the Premera data breach is the largest breach reported to date involving patient medical information.

11. The information stolen from Premera, including Plaintiff's and Class members' PII, is extremely valuable to thieves. As the FTC recognizes, once identity thieves have personal information, "they can drain your bank account, run up your credit cards, open new utility accounts, or get medical treatment on your health insurance."

12. PII such as that stolen in the Premera data breach is highly coveted by and a frequent target of hackers. Legitimate organizations and the criminal underground alike recognize the value of such data. Otherwise, they would not pay for or maintain it, or aggressively seek it. Criminals seek personal and financial information of consumers because they can use biographical data to perpetuate more and larger thefts.

13. The ramifications of Premera's failure to keep Plaintiffs' and class members' personal and financial information secure are severe. Identity thieves can use PII such as that pertaining to Plaintiffs and the class members, which Premera failed to keep secure, to perpetuate a variety of crimes that harm the victims. For instance, identity thieves may commit various types of crimes such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund. The United States government and privacy experts acknowledge that it may take years for identity theft to come to light and be detected.

14. In addition, identity thieves may get medical services using Plaintiffs' confidential health information and PII, or commit any number of frauds, such as obtaining a job or procuring housing.

COMPLAINT
No. C15-429

- 3 -

15. The data breach at issue in this case occurred despite the fact that Premera was on notice of its security problems. According to *The Seattle Times*, federal auditors warned Premera that its network-security procedures were inadequate three weeks before hackers breached the information-technology systems of Premera. Government officials gave Premera ten recommendations to fix the problems and warned that the vulnerabilities in its systems could be breached by hackers and expose customer information. Premera received these recommendations on April 18, 2014.

16. Plaintiff and the class members had a reasonable expectation that their confidential health information and PII would remain private and confidential. As a result of Premera's deficient practices, Plaintiffs and the class members have been damaged, and have lost or are subject to losing money and property as a result of Premera's substandard security practices.

**PLAINTIFF'S FACTUAL ALLEGATIONS**

17. Plaintiffs Ann Michelle Blackwolfe and Jonathan Blackwolfe have health insurance with Premera through Plaintiff Ann Michelle Blackwolfe's employment with Starbucks Coffee. Plaintiffs have had health insurance through Premera since approximately 2007. Plaintiffs did not receive notice of the breach and learned of it through the media.

18. Premera required Plaintiffs to provide confidential health information and PII to Premera.

19. Plaintiffs' confidential health information and PII was compromised in and as a result of the Premera data breach. Plaintiffs were harmed by having their financial and personal information compromised and faces the imminent and certainly impending threat of future additional harm from the increased threat of identity theft and fraud due to their financial and personal information being sold on the Internet black market and/or misused by criminals.

**CLASS ACTION ALLEGATIONS**

20. Plaintiffs bring this action on behalf of themselves and all others similarly situated pursuant to Fed. R. Civ. P. 23. Plaintiffs seek to represent a class (the "Class") described as follows:

COMPLAINT
No. C15-429

- 4 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

All individuals and entities in the United States whose personal and confidential health information and/or personal identification information was compromised as a result of the Premera data breach announced on March 17, 2015.

21. The members of the Class are so numerous that the joinder of all members is impractical. While the exact numbers of Class members is unknown to Plaintiffs at this time, it is believed to be in the millions.

22. There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate. Plaintiffs' claims are also typical of members of the Class and Plaintiffs can fairly and adequately represent the interests of the Class.

23. This action satisfies the requirements of Fed. R. Civ. P. 23(b)(3) because it involves questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members, including but not limited to:

 (a) Whether Premera unlawfully used, maintained or disclosed Class members' confidential health information and PII;

 (b) Whether Premera unreasonably delayed notifying affected customers of the data breach;

 (c) Whether Premera failed to implement and maintain reasonable security procedures and practices appropriate to the sensitive nature of the information compromised in the data breach, including but not limited to Premera's failure to encrypt the sensitive and confidential information;

 (d) Whether Premera's conduct was negligent and/or grossly negligent;

 (e) Whether Premera's conduct was reckless;

 (f) Whether Premera acted willfully and/or with oppression, fraud or malice;

 (g) Whether Premera's conduct constitutes breach of contract;

 (h) Whether Plaintiff and the Class are entitled to damages, civil penalties, punitive damages and/or equitable and injunctive relief.

COMPLAINT
No. C15-429

- 5 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

24. Plaintiffs' claims are typical of those of other Class members because Plaintiffs' confidential health information and PII, like that of every Class member, was disclosed by Premera.

25. Plaintiffs will fairly and adequately represent and protect the interests of the Class.

26. Plaintiffs' counsel is competent and experienced in class action litigation.

27. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all Class members is not practicable, and questions of law and fact common to the proposed Class predominate over any questions affecting only individual members of the proposed Class.

28. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Premera and would lead to repetitive adjudication of common questions of law and fact.

29. Damages for any individual Class member are likely insufficient to justify the cost of individual litigation, so that in the absence of class certification, Premera's violations of the law would go unremedied and Premera will retain the benefits of its wrongdoing.

30. Class certification, therefore, is appropriate under Fed. R. Civ. P. 23(a) and (b)(3). The above common questions of law or fact predominate over any questions affecting individual members of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Premera has acted or has refused to act on grounds generally applicable to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Class as a whole.

COMPLAINT
No. C15-429

- 6 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

# COUNT I

## Negligence

32. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

33. Premera came into possession, custody, and/or control of confidential health information and/or PII of Plaintiffs and Class members.

34. Premera owed a duty to Plaintiffs and Class members to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiff and Class members in its possession, custody, and/or control.

35. Premera had a duty to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiffs and Class members' confidential health information and/or PII in its possession, custody, and/or control.

36. Premera had a duty to exercise reasonable care in timely notifying Plaintiffs and Class members of an unauthorized disclosure of Plaintiffs and Class members' confidential health information and/or PII in its possession, custody, and/or control.

37. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in safeguarding and securing the confidential health information and/or PII of Plaintiffs and Class members in its possession, custody, and/or control.

38. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in implementing and maintaining reasonable procedures and practices appropriate for maintaining the safety and security of Plaintiffs and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

39. Premera, through its actions and/or omissions, unlawfully breached its duty to Plaintiffs and Class members by failing to exercise reasonable care in timely notifying Plaintiffs

COMPLAINT
No. C15-429

- 7 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

and Class members of an unauthorized disclosure of Plaintiffs' and Class members' confidential heath information and/or PII in its possession, custody, and/or control.

40. Premera's negligent and wrongful breach of duties it owed to Plaintiffs and Class members proximately caused an unauthorized disclosure of Plaintiffs and Class members' confidential health information and/or PII in its possession, custody, and/or control.

41. As a direct and proximate result of Premera's negligent conduct, Plaintiffs and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT II

### Breach of Contract

42. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

43. Plaintiffs and the Class members relied upon Premera's representations regarding privacy and security before purchasing health services and products.

44. By entering into agreements with Plaintiffs and Class members, Premera imposed upon itself an obligation to use reasonable and industry-standard security practices and procedures to protect Plaintiffs' and Class members' data and personal information.

45. Plaintiffs and the Class members performed their obligations.

46. Plaintiffs and the Class members paid for, but never received, the security protections to which they were entitled.

47. As a direct and proximate result of Premera's negligent conduct, Plaintiffs and the Class have suffered injury and are entitled to damages in an amount to be proven at trial.

## COUNT III

### Bailment

48. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

49. Plaintiffs and Class members delivered and entrusted their confidential health information and PII to Premera for the sole purpose of receiving services from Premera.

COMPLAINT
No. C15-429

- 8 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

50. In delivering their confidential health information and/or PII to Premera, Plaintiffs and Class members intended and understood that Premera would adequately safeguard their personal and financial information.

51. Premera accepted possession of Plaintiffs' and Class members' confidential health information and PII. By accepting possession, Premera understood that Plaintiffs and Class members expected Premera to adequately safeguard their personal and financial information. Accordingly, a bailment was established for the mutual benefit of the parties.

52. During the bailment, Premera owed a duty to Plaintiffs and Class members to exercise reasonable care, diligence and prudence in protecting their confidential health information and/or PII.

53. Premera breached its duty of care by failing to take appropriate measures to safeguard and protect Plaintiffs' and Class members' confidential health information and/or PII, resulting in the unlawful and unauthorized access to and misuse of such information.

54. Premera further breached its duty to safeguard Plaintiffs' and Class members' confidential health information and/or PII by failing to timely and accurately notify them that their information had been compromised.

55. As a direct and proximate result of Premera's breach of its duty, Plaintiffs and Class members suffered consequential damages that were reasonably foreseeable to Premera, including but not limited to the damages set forth above.

## COUNT IV

### Unjust Enrichment

56. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

57. Plaintiffs and Class members conferred a monetary benefit on Premera in the form of monies paid for the purchase of health services from Premera during the period of the data breach.

COMPLAINT
No. C15-429

- 9 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

58. Premera appreciates or has knowledge of the benefits conferred directly upon it by Plaintiffs and members of the Class.

59. The monies paid for the purchase of health services by Plaintiffs and members of the Class to Premera during the period of the data breach were supposed to be used by Premera, in part, to pay for the administrative and other costs of providing reasonable data security and protection to Plaintiffs and members of the Class.

60. Premera failed to provide reasonable security, safeguards and protection to the confidential health information and/or PII of Plaintiffs and Class members and as a result, Plaintiffs and Class members overpaid Premera for the services purchased.

61. Under principles of equity and good conscience, Premera should not be permitted to retain the money belonging to Plaintiffs and members of the Class, because Premera failed to provide adequate safeguards and security measures to protect Plaintiffs' and Class members' confidential heath information and PII that they paid for but did not receive.

62. Plaintiffs and the Class have conferred directly upon Premera an economic benefit in the nature of monies received and profits resulting from sales and unlawful overcharges to the economic detriment of Plaintiffs and the Class members.

63. The economic benefit, including the monies paid and the overcharges and profits derived by Premera and paid by Plaintiffs and members of the Class, is a direct and proximate result of Premera's unlawful practices as set forth in this Complaint.

64. The financial benefits derived by Premera rightfully belong to Plaintiffs and members of the Class.

65. A constructive trust should be imposed upon all unlawful or inequitable sums received by Premera traceable to Plaintiffs and the Class.

66. Plaintiff sand the Class have no adequate remedy at law.

COMPLAINT
No. C15-429

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

## COUNT V

### Violation of RCW § 19.255.010 et seq.

67. Plaintiffs reallege and incorporate by reference every allegation set forth in the preceding paragraphs as though alleged in this Count.

68. The data breach constituted a "breach of the security of the system" within the meaning of RCW §§ 19.255.010(1)(4).

69. Premera negligently and recklessly failed to provide reasonable and adequate security measures. Premera also unreasonably delayed informing the Plaintiffs and Class members about the security breach of Plaintiffs' and Class members' confidential health information and PII after Premera knew the data breach had occurred.

70. As a result of Premera's conduct, Plaintiffs and the Class members will incur economic damages related to the expenses for the losses associated with paying for health services they believed were purchased through secure transactions. Plaintiffs and the Class members would not have purchased the health services had they known that their PII would be compromised.

71. As a direct and proximate result of Premera's breach of its duty, Plaintiffs and Class members suffered consequential damages that were reasonably foreseeable to Premera and which they are entitled to recover.

### REQUEST FOR RELIEF

On behalf of themselves and the Class set forth, Plaintiffs request that the Court enter judgment against Defendant and enter one or more orders:

A. Certifying this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3), and, pursuant to Fed. R. Civ. P. 23(g), appoint the named Plaintiffs to be Class representatives and their undersigned counsel to be Class counsel;

B. Requiring Premera to make whole any losses suffered by Plaintiffs and Class members;

COMPLAINT
No. C15-429

- 11 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

1    C.    Enjoining Premera from further engaging in the unlawful conduct complained of herein;

    D.    Awarding Plaintiffs and the Class appropriate relief, including actual and statutory damages, restitution and disgorgement;

    E.    Awarding pre-judgment and post-judgment interest;

    F.    Requiring Premera to pay for notifying the Class of the pendency of this action;

    G.    Requiring Premera to pay Plaintiffs and Class members reasonable attorneys' fees, expenses, prejudgment interest and the costs of this action; and

    I.    Providing all other and further relief as this Court deems necessary, just, and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury on all issues so triable.

Dated:  March 19, 2015        Respectfully submitted,

s/ *Cliff Cantor*
By: Cliff Cantor, WSBA # 17893
**LAW OFFICES OF CLIFFORD A. CANTOR, P.C.**
627 208th Ave. SE
Sammamish, WA 98074
Tel:    425.868.7813
Fax:   425.732.3752
Email: cliff.cantor@outlook.com

William B. Federman*
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, OK 73120
Tel:    (405) 235-1560
Fax:   (405) 239-2112
Email: wbf@federmanlaw.com

* Admission *pro hac vice* to be sought

Attorneys for Plaintiffs

COMPLAINT
No. C15-429

- 12 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Avenue SE
Sammamish, Washington 98074
Tel: 425.868.7813 • Fax: 425.732.3752

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Washington

| | |
|---|---|
| ANN MICHELLE BLACKWOLFE and JONATHAN BLACKWOLFE, individually and on behalf of all others similarly situated, <br> *Plaintiff(s)* <br> v. <br> PREMERA BLUE CROSS, a Washington company, <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*

> PREMERA BLUE CROSS
> c/o Its Registered Agent:
> CT CORPORATION SYSTEM
> 505 UNION AVE SE, SUITE 120
> OLYMPIA, WA 98501

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Cliff Cantor
> LAW OFFICES OF CLIFFORD A. CANTOR, P.C.
> 627 208th Avenue SE
> Sammamish, Washington 98074

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANN MICHELLE BLACKWOLFE and JONATHAN BLACKWOLFE, individually and on behalf of all others similarly situated

### DEFENDANTS
PREMERA BLUE CROSS

**(b)** County of Residence of First Listed Plaintiff: Worcester County, MA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Clifford A. Cantor, P.C.,
627 208th Ave SE
Sammamish WA 98074    Tel: (425) 868-7813

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  |  | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  |  |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 555 Prison Condition |  |  |  |
|  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 - diversity

Brief description of cause:
Negligence, breach of contract, bailment, etc. relating to release of private information

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: The Hon. Ricardo Martinez
DOCKET NUMBER: C15-413 RSM (W.D. Wash.)

DATE: _____    SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____