BEFORE THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE PREMERA BLUE CROSS CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 2633 |
| This Document Relates To: | |
| ALL CASES | |

WEBB PLAINTIFFS' RESPONSE IN OPPOSITION TO
MOTION TO CENTRALIZE AND TRANSFER TO
THE WESTERN DISTRICT OF WASHINGTON

Pursuant to 28 U.S.C. § 1407 and Rule 6.2 of the Rules of Procedure of the United States

Judicial Panel on Multidistrict Litigation, Plaintiffs Maria S. Webb, her minor daughter, Shana

M. Guthrie, her minor son, and Mark D. Flaten (collectively, "Webb Plaintiffs"), submit this

response in support of the motion requesting that the United States Judicial Panel on Multidistrict

Litigation (the "Panel") enter an Order centralizing all Premera Blue Cross Data Security Breach

actions ("Premera Actions"); however, the Webb Plaintiffs respectfully submit that District of

Oregon is the most appropriate transferee forum for coordinated or consolidated pretrial

proceedings.

Transfer and centralization for coordinated or consolidated proceedings involving this

health insurer defendant will facilitate the efficient resolution of the Premera Actions, avoid the

duplicative discovery of third parties, and, most importantly, alleviate the risk of inconsistent

rulings in cases that present many of the same factual and legal issues.

I.    BACKGROUND

On March 17, 2015, Premera Blue Cross ("Premera") publicly announced that a data

breach of its electronic records occurred, resulting in the release of the medical, financial, and

personal information of eleven million Premera subscribers and other patients who sought

treatment in the States of Washington and Alaska during the period of 2002 through 2015. Information released in this breach includes sensitive medical records, Social Security numbers, birth dates, addresses, financial information, and phone numbers, among other information. Premera reported that the breach occurred over a period of a number of months, beginning in May 2014 and continuing through January 2015, at which time Premera claims to have discovered the breach.  Despite its discovery of the breach, at the latest, in early January 2015, Premera did not warn customers their information was stolen until months later, in March 2015. Multiple plaintiffs have alleged that their identities were stolen and used to secure fraudulent loans or open fraudulent accounts as a result of this breach.  Other Premera data breach victims have reported that false tax returns were filed using their personal identifying information that was released because of the breach.  Premera was warned by the federal government in April 2014 that its data systems were out-of-date and did not comply with industry standards.  That warning specifically identified the threat of malware attacks and appears to have been largely ignored by Premera for several months.

Numerous class action lawsuits have now been filed against Premera in several federal district courts in connection with this breach, including the District of Oregon.  In each case, plaintiffs allege that Premera improperly maintained its customers' financial, medical, and personal data, and as a result, that data was accessed by identity thieves and other criminals. These factual allegations pertain to all of the Premera Actions seeking to hold Premera Blue Cross accountable for its failure to safeguard its customers' medical, financial, and personal information.

II.     ARGUMENT

      A.     **The Premera Actions Should be Centralized and Transferred**

28 U.S.C. § 1407(a) provides that "when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings."  28 U.S.C. § 1407(a).  The Panel shall make such transfers when in furtherance of the "convenience of the parties and witnesses" and when transfer will "promote the just and efficient conduct of the actions."  *Id*.  In making this determination, the transfer of actions to a single forum under Section 1407 is appropriate where, as here, it will prevent duplication of discovery and eliminate the possibility of overlapping or inconsistent pleading determinations by different courts.  *In re Litig. Arising from Termination of Ret. Plan for Emp. of Fireman's Fund Ins. Co.*, 422 F. Supp. 287, 290 (J.P.M.L. 1976) ("Another compelling reason for transfer of these actions to a single district for coordinated or consolidated pretrial proceedings is the need to eliminate the possibility of overlapping or inconsistent class determinations by courts of coordinate jurisdiction."); *In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979) ("Transfer under Section 1407 is thus necessary to prevent duplicative discovery efforts and eliminate the possibility of inconsistent pretrial rulings.").  Transfer is also appropriate when several of the actions before the Panel "have been brought on behalf of similar or overlapping classes."  *In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979).

      As demonstrated below, each of these factors favors centralization of the Premera Actions in one district court before one district judge.

      **1.     The Premera Actions Involve Common Questions of Fact**

      The test for determining whether centralization and transfer under Section 1407 is warranted is the presence of common questions of fact.  *In re Fed. Election Campaign Act Litig.*, 511 F. Supp. 821, 823 (J.P.M.L. 1979).  Common questions are presumed "where two or more

3

complaints assert comparable allegations against identical defendants based on similar transactions and events." *In re Air West, Inc., Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *see also In re Cuisinart Food Processor Antitrust Litig.*, 506 F. Supp. 651, 654-55 (J.P.M.L 1981).

Here, each of the complaints in each of the Premera Actions stem from the data breach that began on May 5, 2014, which resulted in the exposure and illicit use of putative class members' financial, medical, and personal information.  In each action, the core issues will relate to Premera's representations to its insureds regarding the security of their data, Premera's obligations under federal and state medical privacy laws and compliance therewith, and Premera's careless disregard for the privacy of its customers' data and the security of its systems. Thus, it cannot be seriously disputed that the cases, at a minimum, warrant centralization.  *In re Air West, Inc. Sec. Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974) ("when two or more complaints assert comparable allegations against identical defendants based upon similar transactions and events, common factual questions are presumed").

### 2.     Centralization will Prevent Inconsistent Rulings

Each of the Premera Actions present important, identical legal issues.  These legal issues include:

1.     whether Premera Blue Cross violated the Health Insurance Portability and Accountability Act (HIPAA);

2.     whether Premera Blue Corss violated state health privacy laws;

3.     whether Premera violated state data breach notification laws;

4.     whether Premera violated state privacy laws; and

5.     whether Premera owed a duty to its customers to secure their medical, financial, and personal information and whether it breached that duty.

4

If these Premera Actions are not transferred to one court and judge for centralized and coordinated or consolidated proceedings, the parties will face a genuine risk of inconsistent rulings on each of these important and potentially dispositive issues.  This is especially true given the risk of inconsistent class certification decisions in cases involving the same factual bases.  *See In re LTV Corp. Sec. Litig.*, 470 F. Supp. 859, 862 (J.P.M.L. 1979) ("It is desirable to have a single judge oversee the class action issues in all these actions to avoid duplicative efforts and inconsistent rulings in this area."); *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (noting that the Panel has "consistently held that transfer of actions under Section 1407 is appropriate, if not necessary, where the possibility of inconsistent class determination exists"); *In re Southeastern Milk Antitrust Litig.*, 530 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008) (coordinating and transferring actions where all actions shared factual questions, citing the need to prevent inconsistent rulings, "especially with respect to class certification").

In sum, transfer to and coordination before one court will result in a standardized and efficient process for disposing of the factual and legal issues across all of the Premera Actions.

**B.     The District of Oregon is the Most Appropriate Transferee Forum**

The Panel considers numerous factors in determining the most appropriate transferee forum.  These factors include "convenience of the parties and witnesses" and location of the relevant "offices and records . . . ." *In re Computervision Corp. Secs. Litig.*, 814 F. Supp. 85, 86 (J.P.M.L. 1993).  The availability of an experienced and capable judge also weighs in favor of transferring a case to that district.  *See, e.g., In re Hawaiian Hotel Room Rate Antitrust Litig.*, 438 F. Supp. 935, 936 (J.P.M.L. 1977); *In re Sugar Indus. Antitrust Litig.*, 437 F. Supp. 1204, 1208 (J.P.M.L. 1977).

In *In re Washington Public Power Supply System Securities Litig.*, 568 F. Supp. 1250 (J.P.M.L. 1983), the Panel transferred a securities action to the Western District of Washington, that was centered on the issuance and sale of bonds by the Washington Public Power Supply System (WPPSS) in the State of Washington.  In part, the Panel transferred the actions to that district because of near unanimous support by the parties and strong connection between the claims and the state.  *Id.*  The judge presiding over the MDL in the Western District of Washington ultimately transferred the action to the District of Arizona, because of the heavy publicity in Washington and the potential financial impact of the litigation on taxpayers and would-be jurors.  *See Wash. Public Utilities Group v. U.S. Dist. Court for Western Dist. of Washington*, 843 F.2d 319 (9th Cir. 1987) (referring to the district court reasoning).  The Ninth Circuit affirmed the transfer, noting that transfer was appropriate because potential jurors and the Court would have a financial interest in the outcome of the litigation.  *Id.*  This very same circumstance and reasoning apply here, and support the District of Oregon as the most appropriate transferee forum.  This decision is best made now rather than down the road after the court and parties spend lots of time and effort litigating in another district.

After Plaintiffs filed their complaint in the Western District of Washington, they discovered that Premera administers the Federal Employees Health Benefits Program (FEHBP) in the State of Washington, which provides health insurance coverage to federal employees, such as federal judges and employees of the District Court for the Western District of Washington.[1]  Because Premera provides health insurance to federal employees in the State of Washington, even if a transferee judge does not have health insurance issued by Premera, it is certain that most others in the courthouse do.  Thus, the transfer of the Premera actions to the

---

[1] https://www.premera.com/fep/.

Western District of Washington would likely create conflicts, require class members to work on the matter, and create inefficiencies that would not be present if the cases are transferred to the neighboring District of Oregon.

Premera insures six million people in the state of Washington. The population of the state of Washington is approximately seven million.[2] Thus, the vast majority of Washington citizens, including those living in and around Seattle (i.e. the seat of the Western District of Washington), were affected by the data breach and have a financial interest in the outcome of the litigation. The fact that almost all Washington residents are class members with a financial stake in the outcome of the proceedings makes the Western District of Washington a less than ideal transferee forum.

The neighboring District of Oregon is centrally located in the major metropolitan center of Portland and thus is convenient to the parties and witnesses. As with *In re Worldcom, Inc. Secs. & "ERISA" Litig.,* 226 F. Supp. 2d 1352 (J.P.M.L. 2002), "a litigation of this scope will benefit from centralization in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services." *Id.* at 1355; *see also In re Jamster Mktg. Litig.,* 427 F. Supp. 2d 1366, 1368 (J.P.M.L. 2006) (choosing as a transferee forum an "accessible metropolitan location").

The District of Oregon is also conveniently and centrally located for all parties. The headquarters for Premera Blue Cross is within driving distance from the courthouse in Portland, and several trains travel daily between Seattle and Portland. In addition, several of the Premera complaints are pending in the District of Oregon.

---

[2] United States Census Bureau, http://quickfacts.census.gov/qfd/states/53000.html.

Additionally, it appears that the Panel has only transferred three MDL proceedings to the District of Oregon—ever. *In re Farmers Ins. Exchange Claims Representatives Overtime Pay Litigation*, MDL No. 1429, 196 F. Supp. 1373 (J.P.M.L. 2002)*; In re Helicopter Crash Near Weaverville, Cal., on Aug. 5, 2008*, 626 F. Supp. 2d 1355 (J.P.M.L. 2009); *In re Petrol Stops Nw. Employment Practices Litig.*, MDL No. 329, 446 F. Supp. 241 (J.P.M.L. 1978). This is in marked contrast to the Western District of Washington, which has hosted at least 19 MDL matters. There are currently no MDLs pending in Oregon.[3] *See In re Fresh & Process Potatoes Antitrust Litig.*, 744 F. Supp. 2d 1381, 1382 (J.P.M.L. 2010) (transferring actions to the District of Idaho, in part, because centralization in that district allowed the Panel "to assign this litigation to a district without any currently pending MDL dockets).

Finally, the judges in the District of Oregon are experienced, well-qualified, and well-equipped to effectively manage coordinated or consolidated Premera Actions. *See*, *In re Ampicillin Antitrust Litig.*, 315 F. Supp. 317, 319 (J.P.M.L. 1970) ("[I]t is true that the availability of an experienced and capable judge familiar with the litigation is one of the more important factors in selecting a transferee forum."). Indeed, the Honorable Anna J. Brown, who has served on the district court for fifteen years and is the judge to whom the Premera Actions pending in the District of Oregon are assigned, is well-qualified to manage this litigation. Judge Brown has ample experience managing complex, class actions. *See Gessele v. Jack in the Box Inc.*, No. 3:10-cv-00960, 2013 WL 4542033 (D. Or. Aug. 27, 2013) (FLSA class action); *Zucco Partners, LLC v. Digimarc Corp.*, No. CV-04-1390, 2005 WL 6316333 (D. Or. Nov. 30, 2005) (securities class action); Razilov v. Nationwide Mut. Ins. Co., No. CV-01-1466, 2004 WL

---

[3] http://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-15-2015.pdf.

1588223 (D. Or. July 14, 2004) (FCRA class action). While she has extensive complex litigation

experience, Judge Brown has never presided over a multidistrict litigation, a factor that supports

that the actions be assigned to her.  *In re: Loestrin 24 Fe Antitrust Litig.*, 978 F. Supp. 2d 1371,

1372 (J.P.M.L. 2013) (transferring actions to the District of Rhode Island, where it allowed the

Panel "to assign this litigation to an experienced and capable jurist who has not yet presided over

an MDL.").

      Finally, Judge Martinez, the judge before whom all of the Western District of

Washington cases are pending, has stayed all cases until the Panel issues its order on transfer.

Therefore, because none of the actions are more advanced than any other, this factor is neutral.

## III.      CONCLUSION

      For all of the reasons detailed above, Plaintiffs respectfully request that the Panel order:

(i) consolidation of the cases pending against Premera Blue Cross; and (ii) transfer of the

Premera Actions to the United States District Court for the District of Oregon.

Dated:  April 21, 2015

Respectfully submitted,

CAFFERTY CLOBES MERIWETHER
  & SPRENGEL LLP

By:   /s/Bryan L. Clobes
      Bryan L. Clobes

Bryan L. Clobes
Kelly L. Tucker
1101 Market Street
Suite 2650
Philadelphia, PA 19107
Tel: (215) 864-2800
Fax: (215) 864-2810
bclobes@caffertyclobes.com
ktucker@caffertyclobes.com

Harris L. Pogust
Kevin O'Brien
Pogust Braslow & Millrood LLC

9

8 Tower Bridge, Suite 1520
161 Washington Street
Conshohocken, PA 19428
Tel: (610) 941-4204
Fax: (610) 941-4245
hpogust@pbmattorneys.com
kobrien@pbmattorneys.com

Cliff Cantor
Law Offices of Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074
Tel: (425) 868-7813
Fax: (425) 732-3752
cliff.cantor@outlook.com

*Attorneys for the Webb Plaintiffs*