BEFORE THE
UNITED STATED JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re:
PREMERA BLUE CROSS CUSTOMER
DATA SECURITY BREACH LITIGATION

MDL Docket No. 2633

PLAINTIFFS ERIC FORSETER AND KAYLA JOY SHERWOOD'S RESPONSE TO PLAINTIFFS' AMENDED MOTION FOR CONSOLIDATION AND TRANSFER UNDER 28 U.S.C. § 1407

INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and Rules 6.1 and 6.2 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation (the "Panel"), Plaintiffs Eric Forseter and Kayla Joy Sherwood ("Plaintiffs Forseter and Sherwood"), the plaintiffs in the action *Forseter v. Premera Blue Cross*, No. 2:15-cv-00499 (W.D. Wash.),[1] submit this memorandum in response to Plaintiffs' Amended Motion for Consolidation and Transfer under 28 U.S.C. § 1407 (Doc. 7), filed by Plaintiff Bradd Guenser (the "MDL Motion").[2]

The MDL Motion seeks to centralize pending actions against Premera Blue Cross ("Premera") in the Western District of Washington, Seattle Division (the "Western District"), before Honorable Judge John C. Coughenour.[3] Plaintiffs Forester and Sherwood do not object to

---

[1] The *Forseter* action was filed on March 31, 2015.

[2] Bradd Guenser is the plaintiff in the action *Guenser v. Premera Blue Cross*, No. 2:15-cv-00441 (W.D. Wash.).

[3] *Guenser v. Premera Blue Cross* was originally assigned to Judge Coughenour. That action, along with several other actions against Premera, was transferred to Hon. Ricardo S. Martinez on April 20, 2015. All cases pending against Premera in the Western District are now assigned to Judge Martinez, who has issued a stay order pending the resolution of the MDL

1

the MDL Motion. However, given that almost all of the cases that are the subject of the MDL Motion have been filed in the Western District (including by counsel for those Plaintiffs seeking MDL consolidation), Plaintiffs Forseter and Sherwood favor transfer under 28 U.S.C. § 1404, and Fed. R. Civ. P. 42(a) consolidation, over multidistrict coordination.

## FACTUAL AND PROCEDURAL BACKGROUND

To date, twenty-three class actions have been filed against Premera, all of which allege various tort and state law claims based on Premera's failure to adequately safeguard sensitive customer data. Further detail regarding the factual background of these actions is set forth in Plaintiff Bradd Guenser's Memorandum in Support of Amended Motion for Consolidation and Transfer Under 28 U.S.C. § 1407 (Doc. 7-11) at 1-2 (the "MDL Memo").

Of the twenty-three related actions, all but three were filed in the Western District (the "Washington Actions"). Two actions were filed in the District of Oregon (the "Oregon Actions"), and one action was filed in the District of Alaska (the "Alaska Action"). The plaintiffs in each of the two Oregon Actions, as well as the Alaska Action, are represented by law firms that also represent plaintiffs in the Washington Actions.[4]

## ARGUMENT

### Multidistrict Consolidation and Transfer Is Unnecessary

There are only three districts at issue here. The vast majority of the actions at issue (twenty of the twenty-three actions) are pending in the Western District, with only two actions

---

Motion.

[4] Plaintiff Guenser's counsel, Hausfeld LLP, is also counsel in *Colcord v. Premera Blue Cross*, No. 3:15-cv-00516 (D. Or.), pending in the District of Oregon. Similarly, the plaintiff in *Archibald v. Premera Blue Cross*, No. 2:15-cv-00505 (W.D. Wash.), is represented by Ahdoot & Wolfson, PC, which is also counsel in *Purcell v. Premera Blue Cross*, No. 3:15-cv-00572 (D. Or.), and *Fuerst v. Premera Blue Cross*, No. 3:15-cv-00060 (D. Alaska).

pending in the District of Oregon and one pending in the District of Alaska, and as stated above, counsel for plaintiffs in those actions have also filed actions in the Western District.

Multidistrict coordination is intended for more complex circumstances than the situation here. *Compare In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Prod. Liab. Litig.*, 959 F. Supp. 2d 1375, 1376 (J.P.M.L. 2013) (denying centralization of 28 actions where almost half of the actions were pending in a single district, and many of the actions involved common plaintiffs' counsel) *with In re: Lipitor (Atorvastatin Calcium) Marketing, Sales Practices and Prod. Liab. Litig.*, 997 F. Supp. 2d 1354, 1356 (J.P.M.L. 2014) (granting new motion for centralization, six months later, because the matter now encompassed 56 actions and over 170 tag-alongs, pending in more than 40 districts before more than 100 different judges).

While Plaintiffs Forseter and Sherwood do not oppose the MDL Motion, the clearer and more logical route to managing these actions is for the parties in the two Oregon Actions and the Alaska Action to consent to transfer to the Western District, as allowed by 28 U.S.C. § 1404(a)[5] (or for those courts to order transfer under § 1404), and then to consolidate all of the actions pursuant to Fed. R. Civ. P. 42(a). Rule 42(a) provides that: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." *See Assurance Co. of America v. PC Marketing, Inc.*, No. C14-5210, 2014 WL 4384053, at *1 (W.D. Wash. Sept. 4, 2014) (consolidating actions that involve common questions of law and fact). That standard is easily met here, as set forth in the MDL

---

[5] The statute provides that: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

3

Memo itself. (*See* MDL Memo at 4-6.) Indeed, the same factors that the MDL Motion sets forth in favor of transfer under 28 U.S.C. § 1407 justify consolidation under Fed. R. Civ. P. 42(a). Thus, there is simply no need to invoke the multidistrict litigation process in these cases.[6]

Such transfer and consolidation should be straightforward given that the plaintiffs in the two Oregon Actions and the Alaska Action share counsel with plaintiffs in two of the actions that are pending in the Western District. Moreover, "those advocating transfer bear a heavy burden of persuasion where there are only a few actions, particularly those involving the same parties and counsel." Manual for Complex Litigation (Fourth) § 20.131. In a similar situation, the Panel has denied transfer:

> Inasmuch as this litigation involves only two actions, and plaintiffs share counsel, movant has failed to persuade us that any common questions of fact are sufficiently complex and/or numerous to justify Section 1407 centralization of this docket at this time. Alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery and/or inconsistent pretrial rulings.

*In re: Dorel Juvenile Group, Inc., Stroller (Model 834) Prod. Liab. Litig.,* 598 F. Supp. 2d 1365, 1366 (J.P.M.L. 2009). *See In re: Ronald Beecher Estate Litig.*, 816 F. Supp. 2d 1379, 1379 (J.P.M.L. 2011) (where two actions that were the subject of an MDL motion had already been consolidated, and only one action in another district remained, and movants were represented by

---

[6] On April 21, 2015, Maria S. Webb, Shana M. Guthrie, her minor son, and Mark D. Flaten filed the Webb Plaintiffs' Response in Opposition to Motion to Centralize and Transfer to the Western District of Washington (Doc. No. 35) (the "Webb Opp."). The Webb Plaintiffs argue that the District of Oregon is the most appropriate transferee forum. They speculate that because Premera provides health insurance to federal employees in Washington, transfer to the Western District would likely create conflicts. (Webb Opp. at 6-7.) However, the Judges in the Western District are in the best position to determine whether any conflict exists (and Judge Martinez has not identified any such conflict to date). In any case, as discussed herein, the Western District has the authority to transfer the actions to another District if necessary.

the same attorney, "informal cooperation among the involved attorneys is both practicable and preferable").[7]

## CONCLUSION

For the reasons set forth above, Plaintiffs Forseter and Sherwood do not oppose the MDL Motion, but believe transfer of the Oregon Actions and the Alaska Action to the Western District of Washington, followed by Fed. R. Civ. P. 42(a) consolidation, is more appropriate than consolidation and transfer under 28 U.S.C. § 1407.

Dated:  April 23, 2015

**ZWERLING, SCHACHTER & ZWERLING, LLP**

By: s/ Dan Drachler
Dan Drachler (WSBA #27728)
1904 Third Avenue, Suite 1030
Seattle, WA 98101-1170
Telephone:  (206) 223-2053
Facsimile:   (206) 343-9636
ddrachler@zsz.com

Robert S. Schachter
Sona R. Shah
**ZWERLING, SCHACHTER & ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone:  (212) 223-3900
Facsimile:   (212) 371-5969
rschachter@zsz.com
sshah@zsz.com

---

[7] In addition, an order from the Panel transferring and coordinating these actions for pretrial proceedings would lead to continued supervision by the Panel and the potential for remand to the transferor courts, all of which are unnecessary in this case. *See* 28 U.S.C. 1407(a) ("Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated….").

>Irwin B. Levin
>Richard E. Shevitz
>Lynn A. Toops
>**COHEN & MALAD, LLP**
>One Indiana Square, Ste. 1400
>Indianapolis, IN 46204
>Telephone:  (317) 636-6481
>Facsimile: (317) 636-2495
>ilevin@cohenandmalad.com
>rshevitz@cohenandmalad.com
>ltoops@cohenandmalad.com
>
>*Counsel for Plaintiffs Eric Forseter and Kayla Joy Sherwood*